## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>FELIX DOMINGO ROSARIO,<br>Defendant. | CRIMINAL NO.: 25-259 (GMM) |

### SENTENCING MEMORANDUM

TO THE HONORABLE GINA MENDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the defendant, Felix Domingo Rosario ("Felix"), through undersigned counsel, and respectfully submits this Sentencing Memorandum supporting a sentence of time served. Though the advisory guideline range is 8 to 14 months, the five months he has served are sufficient to meet the goals of sentencing under 18 U.S.C. § 3553(a).

### Introduction

When Felix speaks about his daughter, his voice breaks. From the confines of the Metropolitan Detention Center, he listens to his mother describe how the little girl curls into herself, clutching her stomach in pain from a parasite that has resisted treatment. The cries echo through the phone, but there is nothing he can do–no medicine he can buy, no hand he can extend. Every night, he lies awake in the silence of the prison cell, haunted by the helplessness of being a father who cannot comfort his child.

Felix did not come to the United States seeking trouble. He came because hunger and extreme poverty do not wait for borders to open. Raised in poverty in Miches, Dominican

1

Republic by his seventy-five-year-old mother, Dionisia Rosario, he learned early that survival required work. From an early age, Felix labored in construction and painting, sending whatever he could to keep food on the table and medicine within the reach of his family. His reentry, while unlawful, responded to his basic instinct to support and protect his loved ones.

Today, after five months behind bars, Felix stands before this Court humbled, remorseful, and broken by the weight of his family's suffering. A sentence of time served is sufficient to acknowledge the wrongs he committed, the punishment he has endured, and the anguish that continues to punish him far more deeply than any term of imprisonment ever could.

**Felix's Story**

Felix is a 45-year-old man raised in Miches, Dominican Republic. His upbringing was marked by poverty and limited opportunity. His childhood is defined by scarcity of food, water, electricity and clothing. Felix was raised by his mother, Dionisia Rosario, who worked hard to fulfill the needs of her children, but poverty was a constant companion.

He never met his father and from a young age he carried the weight of responsibility for his family's well-being. Felix abandoned school in the tenth grade and dedicated himself to finding employment in whatever way he could so he could help his mother make ends meet. He sought works in construction sites, painting jobs, and day labor became his lifeline. Even when he had two jobs at once, Felix struggled financially.

Searching for a better life, Felix moved to the United States. Since Felix was skilled in construction and painting, he secured employment. Back in Miches, his mother's health

began deteriorating. She had high blood sugar and joint pain. Felix constantly sent money to his mother to help with her medical appointments. Eventually, she was diagnosed with diabetes, arthritis and high blood pressure. Felix worked even harder to send as much as he could to help his mother buy the new medications prescribed because of her health conditions.

When Felix became father for the first time his life goal was to be the best father, the father he never had. Felix became the father of two more children. His children are the pilar and primary focus of his life. Felix, described by his loved ones as a loving father and son, never stopped helping his children in any way he could.

Felix was deported on February 4, 2020. When he returned to his mother's house, he faced the reality of his life and the future that his children will have. Felix searched tirelessly for employment but could not secure any. Amid desperation Felix left his children with Ms. Riosario—herself frail and dependent on medication—so he could provide for them. In Felix's mind, entering Puerto Rico meant that his mother would have money to buy medication and receive medical treatment. It also meant that his children would have better chances of having food on the table, clothes, and materials to go to school.

When Felix arrived to Puerto Rico, he instantly began performing odd painting jobs. He assisted in painting over five public schools in Carolina, Puerto Rico. The pay was enough for him to live but most important enough to cover his mother's medical expenses and cover the children's needs.

Since his arrest, Felix's life has changed profoundly. Being incarcerated has given him time to reflect on the choices that brought him here and he has made a conscious choice to change his path. Yet no personal reckoning or punishment can compare to the anguish he felt when he received the news that his youngest daughter was infected with a parasite that was not responding to any treatment. Several months have passed and his daughter is still in pain, and the family can no longer afford any medication. Felix feels helpless and the weight of that helplessness is a daily reminder of the life he wants to rebuild once he is given the opportunity to return home.

## Sentencing Request

The United States Sentencing Guidelines calculate the base offense level for the charge of conviction at eight (8) under USSG § 2L1.2. However, a four-level increase is applied pursuant to USSG § 2L1.2(b)(1)(A). Since Felix accepted responsibility for his actions, a two-level reduction is warranted pursuant to USSG § 3E.1.1(a). The total offense level is ten (10). Felix has a Criminal History Category (CHC) of II. With a CHC of II, and a total offense level of ten (10), the advisory guideline imprisonment range is from eight (8) to fourteen (14) months.

While Felix has a past conviction, it does not involve violence or controlled substances. His past conviction stems largely from his struggles with poverty and lack of opportunity. His compliance and truthfulness with authorities upon arrest showed he is a changed man, who learned from past mistakes and who intends to return to his home country to care for his children, especially his ill daughter, and elderly mother.

4

The circumstances that led Felix to this offense are rooted in the crushing economic reality of his homeland and the medical needs of his family. Considering Felix's personal history and characteristics and the circumstances surrounding the offense, a sentence of time served is sufficient and not greater than necessary to achieve the goals of sentencing. Further incarceration would serve no rehabilitative purpose. Instead, it would deprive Felix's family of the chance to have him return home as soon as possible to begin his search for employment so he can continue contributing to their care. The Court should also note that Felix has been incarcerated since May 19, 2025, and that he will be subject to additional administrative detention while he awaits removal proceedings.

## Conclusion

Felix stands before this Court not as a hardened criminal, but as a father, a son and a man who made the decision to return to the United States to support his family. A sentence of time-served would be "sufficient, but not greater than necessary" in light of the totality of the circumstances (18 U.S.C. § 3553(a)). Considering all the above, a term of supervised release is not warranted.

WHEREFORE, it is respectfully requested that the Court find that with above-mentioned information it can meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(a), pursuant to Rule 32(c)(1)(A)(ii) and impose a sentence of time served.

I HEREBY CERTIFY that on this date, I electronically filed the present motion with the Clerk of the Court using the CM/ECF system, which will send electronic notification of this filing to all parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on October 20, 2025.

                     **RACHEL BRILL**
                     Federal Public Defender
                     District of Puerto Rico

                     ***S/ Stephanie Torres-Perez***
                     Stephanie Torres-Pérez
                     Assistant Federal Public Defender
                     USDC-PR 308710
                     241 F.D. Roosevelt Ave.
                     San Juan, PR  00918-2441
                     T: (787) 281-4922 / F: (787) 281-4899
                     Email: Stephanie_Torres@fd.org